**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective*
*Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| [JOHN DOE] and [JAMES DOE],<br>*on behalf of themselves, FLSA Collective Plaintiffs, and the class,*<br><br>              Plaintiffs,<br>  v.<br>47TH ST. FOOD, INC.,<br>   d/b/a BLAKE & TODD,<br>53RD ST. FOOD, LLC,<br>   d/b/a BLAKE & TODD,<br>52 VAN FOOD CORP.,<br>   d/b/a BLAKE & TODD,<br>and ALEX RACHOWIN,<br><br>              Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiffs, [JOHN DOE] and [JAMES DOE], (hereinafter, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this class and collective action Complaint against 47TH ST. FOOD INC., d/b/a BLAKE & TODD, 53RD ST. FOOD, LLC, d/b/a BLAKE AND TODD, 52 VAN FOOD CORP., d/b/a BLAKE & TODD, (collectively, "Corporate Defendants") and ALEX RACHOWIN, ("Individual Defendant") (each individually, "Defendant" or, collectively, "Defendants") and state as follows:

## **INTRODUCTION**

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid wages including overtime, due to time-shaving; (2) compensation for improperly deducted meal credits; (3) illegally retained surcharges; (4) liquidated damages; and (5) attorney's fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving; (2) unpaid spread of hours premium; (3) compensation for improperly deducted meal credits; (4) illegally retained surcharges; (5) an award equal to all surcharges illegally retained by Defendants; (6) statutory penalties; (7) liquidated damages; and (8) attorney's fees and costs.

3. Plaintiffs additionally allege for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees, and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

4. Plaintiffs further allege that Defendants breached their contract with Plaintiffs and Class members by failing to pay employer payroll taxes for Plaintiff and Class members, as required by the Federal Insurance Contribution Act ("FICA").

5. Plaintiffs are not named in this lawsuit because a prior Class representative was caused by Defendants to settle and drop this case, even though such claimant was represented by counsel. Due to Defendants unethical and threatening conduct against a named claimant, the exposure of the identity of named class representatives is not appropriate here.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337, and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

8. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

**PARTIES**

9. At all relevant times herein, Plaintiff [JOHN DOE], was and is a resident of Queens County, New York.

10. At all relevant times herein, Plaintiff [JAMES DOE] was a resident of New York County, New York.

11. Defendants collectively own and operate three (3) restaurants at the following locations:

   a) 7 West 47th St, New York, NY 10036 (the "47th location");
   b) 52 East 53rd St, New York, NY 10022 (the "53rd location"); and
   c) 52 Vanderbilt Ave, New York, NY 10017 (the "Vanderbilt location;" and collectively, the "Restaurants").

12. All the Restaurants are operated as a single integrated enterprise under the common control of the Corporate and Individual Defendants. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose.

    a) All Restaurants are under the control of Corporate and Individual Defendants. Specifically, Individual Defendant ALEX RACHOWIN operates the totality of the Restaurants.

    b) All the Restaurants are integral part of Defendants fast-casual gastronomic project. *See* **Exhibit A**.

    c) All the Restaurants offer on-site dining, delivery, and catering services at all locations. Furthermore, the Restaurants advertise jointly on Defendants' website https://www.blaketodd.com/. The Restaurants are listed alongside one another under the "Restaurants" section of the website. *See* **Exhibit A**.

    d) All Restaurants have a centralized Human Resources that deals with hiring, firing, and administering all the Restaurants' work force. Moreover, all the Restaurants have a centralized platform for hiring. *See* **Exhibit B**.

    e) The restaurant establishments share suppliers, serve similar goods, and all share similar décor, ambience, and appearance.

    f) Besides on-site dining, Defendants offer catering services for which Plaintiffs, FLSA Collective Plaintiffs, and Class members were required to attend upon necessity, and on occasion, cook and serve at catering events. *See* **Exhibit C**.

13. Defendants operate the Restaurants through the following Corporate Defendants:

    a) Corporate Defendant, 47TH ST. FOOD, INC., d/b/a BLAKE AND TODD, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address of service of process located at 7 West 47th St, New York, NY 10036.

      b) Corporate Defendant, 53RD ST. FOOD, LLC, d/b/a BLAKE AND TODD, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 52 E 53rd St, New York, NY 10022.

      c) Corporate Defendant, 52 VAN FOOD CORP., d/b/a BLAKE AND TODD is a domestic business corporation organized under the laws of New York, with a principal place of business an address for service of process located at 52 Vanderbilt Ave, New York, NY 10017.

14. Individual Defendant ALEX RACHOWIN is the principal and executive officer of all Corporate Defendant entities. exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs, and the Class. ALEX RACHOWIN frequently visits the Restaurants. exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiffs, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurants could complain to ALEX RACHOWIN directly regarding any of the terms of their employment, and would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ALEX RACHOWIN exercised functional control over the business and financial operations of Corporate Defendants. ALEX RACHOWIN had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs, and Class members, and could reprimand employees.

15. At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

16. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs, and Class members was directly essential to the business operated by Defendants.

17. Plaintiffs are members of a previous FLSA and NYLL Class and collective action filed against Defendants. The parties reached a settlement agreement covering the periods between May 14, 2012 through October 17, 2018. The claims stated herein run from October 18, 2018 onwards.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including delivery persons, servers, runners, bussers, bartenders, baristas, cashiers, porters, cooks, line-cooks, food preparers, and dishwashers) employed by Defendants on or after October 18, 2018, as defined herein ("FLSA Collective Plaintiffs").

19. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in unpaid wages, including overtime, due to time-shaving, improper meal deductions, and unlawfully retained surcharges. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

20.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

21.     Plaintiffs bring claims for relief pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including delivery persons, servers, runners, bussers, bartenders, baristas, cashiers, porters, cooks, line-cooks, food preparers, and dishwashers) employed by Defendants on or after October 18, 2018 as defined herein (the "Class Period").

22.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

23.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently based are within the sole control of Defendants. There is no doubt that there are more than forty (40) members of the Class.

24. Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of: (i) failure to pay wages, including overtime, due to time-shaving; (ii) failure to pay spread of hours premium; (iii) failure to compensate wages for improperly deducted meal credit; (iv) unlawful retention of surcharges or fees without providing notice to customers that management was retaining such fees; (v) failing to provide proper wage statements per requirements of NYLL; and (vi) failing to properly provide wage notices to Class members, at the date of hiring and annually, per requirements of NYLL.

25. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

26. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

29. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class members within the meaning of New York law and applicable state laws;

b. What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and Class members properly;

c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and Class members for their work;

d. Whether Defendants properly notified Plaintiffs and Class members of their hourly rates;

e. Whether Defendants properly compensated Plaintiffs and Class members for all hours worked;

f. Whether Defendants paid the spread of hours premium owed to employees working more than ten (10) hours per day as required by NYLL;

g. Whether Defendants operated their business with a policy of failing to pay Plaintiffs, FLSA Collective Plaintiffs, and Class members for all hours worked;

h. Whether Defendants deducted meal credit from Plaintiffs and Class members at a reasonable cost;

i. Whether the meals that Defendants provided Plaintiffs and Class members satisfied New York State's nutritional requirements as required by NYCRR;

j. Whether Defendants retained any portion of the surcharges or fees without providing notice to customers that management was retaining such fees;

k. Whether Defendants properly reported employer taxes, including FICA contributions, on behalf of itself and Class members; and

l. Whether Defendants provided proper wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL and applicable state laws.

## STATEMENT OF FACTS

**Plaintiff [JOHN DOE]**

30. Plaintiff [JOHN DOE] was hired by Defendants to work as a food preparer for Defendants' restaurant Blake & Todd, located at 7 West 47th St, New York, NY 10036. Plaintiff was employed during the entire class starting period by Defendants until in or around March 2020.

31. Plaintiff [JOHN DOE] was hired to work Monday to Friday at Defendants' Restaurant located at 47th Street. On Saturdays, Plaintiff was scheduled to work at Defendants' restaurant located at 52 Vanderbilt Ave, New York, NY 10017 (now closed). Additionally, Plaintiff [JOHN DOE] was required to attend and perform work at catering events outside of Defendants' premises. Plaintiff worked at least 45 hours per week.

32. Plaintiff [JOHN DOE] was compensated above the minimum wage per hour.

33. During Plaintiffs' employment, Defendant deducted automatically thirty (30) minutes from Plaintiffs wages under the concept of lunch breaks. Nonetheless, Plaintiffs were requested to work continuously without taking a free and clear break. Similarly, Defendants automatically deducted 30 minutes from FLSA Plaintiffs and Class members paystubs.

34. Although Plaintiffs and Class members regularly had no break time and were not able to take a free and clear break, Defendants automatically deducted from their wages a meal

credit. Specifically, Defendants deducted automatically from Plaintiffs' paychecks the equivalent of $3.60 every day. Similarly, FLSA collective Plaintiffs and Class members also suffered weekly meal credit deductions regardless of whether FLSA collective Plaintiffs and Class members took a break.

35. Throughout Plaintiffs' employment, Defendants also improperly deducted a meal credit from employees' wages under FLSA § 203(m) and NYCRR § 146-1.9, for each shift they worked, without regard to: (i) whether the meal credit deducted exceeded the meals' "reasonable cost[1]", (ii) whether the meals provided satisfied New York State's nutritional requirements containing all four (4) food groups[2]; and (iii) whether employees actually consumed the credited meals or not. Similarly, FLSA Collective Plaintiffs and Class members had a meal credit deducted from their wages regardless of whether the meal credit deductions were reasonable, whether the meals satisfied the New York State's nutritional requirements, and whether employees actually consumed the credited meals or not. The meals were typically leftovers, of poor quality, and inedible.

36. During their employment by Defendants, Plaintiffs regularly worked shifts exceeding ten (10) hours in duration. However, they never received the corresponding spread of hours premium for working such shifts, as required under NYLL. Similarly, Class Members regularly worked shifts exceeding ten (10) hours in duration and were never paid spread of hours premium.

37. At all relevant times, Defendants instructed Plaintiffs, FLSA Collective Plaintiffs, and Class members to perform catering services inside and outside Defendants' premises. For catering events, Defendants surcharged clients with fees.

---

[1] 29 C.F.R. § 531.3
[2] NYCRR § 146-3.7

38. Plaintiffs, FLSA Collective Plaintiffs, and Class members that worked catering events were required to share the mandatory surcharge with management. Defendants retained one hundred percent (100%) of the mandatory surcharge and the employees working such events retained zero percent (0%) of the mandatory surcharge. Prospective customers did not receive any notice that management would retain the mandatory surcharge, and accordingly, they believed the surcharge to be paid employees working the events.

39. Defendants failed to provide customers with an explicit written statement that the administrative charge or surcharge was assessed to cover overhead and would be retained by Defendants. Defendants' notice of the mandatory surcharge was inadequate to satisfy the requirements of Sarmiento v. World Yacht Inc., 10 N.Y.3d 70 (2008).

40. The surcharge is covered under the meaning of § 196-d of the New York Labor Law. In New York, "[n]o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities and other surcharges or fees, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." § NYLL 196-d.

41. Defendants failed to properly withhold Plaintiffs and Class members wages for tax purposes. Defendants also failed to contribute to FICA for Plaintiffs and Class members.

42. Defendants further failed to provide Plaintiffs and Class members with an accurate W-2 tax statement for each tax year during which Plaintiffs worked.

43. At no time during the relevant periods did Defendants provide Plaintiffs or Class members with proper wage statements as required by NYLL. Plaintiffs and Class members received fraudulent wage statements that reflected only part of their hours, and not actual hours worked.

44. At no time during the relevant periods did Defendants provide Plaintiffs or Class members with proper wages notices, at the beginning of employment and annually thereafter, as required by NYLL.

45. Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premium to Plaintiffs and Class members, in violation of NYLL.

46. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL.

47. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL.

48. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs, and Class members.

## **STATEMENT OF CLAIM**

### **COUNT I**

### **VIOLATION OF FAIR LABOR STANDARDS ACT**

49. Plaintiffs reallege and reaver Paragraphs 1 through 48 of this Class and Collective Action Complaint as fully set forth herein.

50. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of FLSA.

52. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

53. At all relevant times, Defendants had a policy and practice that failed to pay wages, including overtime due to time-shaving policies, to Plaintiffs and FLSA Collective Plaintiffs.

54. At all relevant times, Defendants were not entitled to retain surcharges under FLSA.

55. At all relevant times, Defendants had a policy and practice of improperly deducting meal credits from Plaintiffs and FLSA Collective Plaintiffs' wages.

56. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case, and if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

57. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiffs, and FLSA Collective Plaintiffs, proper wages, when Defendants knew or should have known such was due.

58. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under FLSA.

59. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

60. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs and

FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to invalid surcharges retentions and deductions, and deducted meal credit, plus an equal amount as liquidated damages.

61. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF NEW YORK LABOR LAW

62. Plaintiffs reallege and reaver Paragraphs 1 through 61 of this Class and Collective Action Complaint as if fully set forth herein.

63. At all relevant times, Plaintiffs and Class members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

64. At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiffs and Class Members their wages, including overtime, due to time-shaving.

65. At all relevant times, Defendants engaged in a policy and practice of unlawfully deducting meal credits from Plaintiffs and Class members' wages, in direct violation of NYLL.

66. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiffs and Class members proper wage notice, at date of hiring and annually thereafter, as required under NYLL.

67. Defendants knowingly and willfully operated their business with a policy of not providing wage statements, as required under NYLL.

68. Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premium to Plaintiffs and Class members for each day their workday exceeded ten (10) hours, as required under NYLL.

69. Defendants knowingly and willfully demanded and retained surcharges or fees and "charges purported to be gratuities and other surcharges or fees" from Plaintiffs and Class members, in violation of NYLL §196-d.

70. Due to Defendants' NYLL violations, Plaintiffs and Class members are entitled to recover from Defendants unlawfully retained meal credits.

71. Due to Defendants' NYLL violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid wages, including overtime, due to time-shaving.

72. Due to Defendants' NYLL violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid wages, including overtime, due to time-shaving, unpaid spread of hours, compensation due to invalid meal credit retention, an award equal to all surcharges illegally retained by Defendants, damages for unreasonably delayed payments, reasonable attorney's fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)

73. Plaintiffs reallege and reaver Paragraphs 1 through 72 of this Class and Collective Action Complaint as if fully set forth herein.

74. Defendants failed to provide Plaintiffs and Class members with accurate IRS Forms W-2 for all the tax years of their employment and failed to properly record, account for, and report to the IRS all monies paid to Plaintiffs and Class members. In failing to account for these monies in their IRS filings, Defendants filed fraudulent information in violation of 26

U.S.C. § 7434. Under 26 U.S.C. § 7434(b), Defendants are liable for at least $5000 to each Class member for each fraudulent filing, which would have to be at least once a year.

75. Defendants also unjustly enriched themselves at the expense of Plaintiffs and Class members by retaining monies that should have been remitted to the IRS on Plaintiffs' and Class members' behalf.

76. As a result, Plaintiff and Class members will either (1) be liable to the IRS for the employer's share of FICA taxes or (2) upon retirement suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

77. Even if Defendants could show that they paid some employees a part of their wages in check and filed the appropriate W-2s for those checks, Defendants would remain liable to those employees for failing to pay FICA taxes on the cash portion of their wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, FLSA Collective Plaintiffs, and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to time-shaving under FLSA and NYLL;

d. An award of unpaid spread of hours premium due under NYLL;

e. An award of invalid meal deductions under FLSA and NYLL;

f. An award of statutory penalties, prejudgment, and post judgment interest, costs, and expenses of this action together with reasonable attorney's fees and expert fees and statutory penalties;

g. An award equal to the amount in surcharges or fees misappropriated by Defendants;

h. Statutory damages of $25,000.00 for each Plaintiff and each Class member for fraudulent filings made on their behalf by Defendants;

i. Damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction;

j. That Defendants be ordered to take all the necessary steps to correct the information returns identified above;

k. Designation of Plaintiffs as Representatives of FLSA Collective Plaintiffs;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m. Designation of Plaintiffs as Representatives of the Class; and

n. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

| | |
|---|---|
| Date: February 4, 2022<br>New York, New York | Respectfully submitted,<br>By: /s/ *CK Lee*<br>C.K. Lee, Esq.<br>**LEE LITIGATION GROUP, PLLC**<br>C.K. Lee (CL 4086)<br>Anne Seelig (AS 3976)<br>148 W. 24th Street, 8th Floor<br>New York, NY 10011<br>Tel.: 212-465-1180<br>Fax: 212-465-1181<br>*Attorneys for Plaintiffs,*<br>*FLSA Collective Plaintiffs*<br>*and the Class* |